SO ORDERED.

SIGNED this 30th day of March, 2015.



_____
Dale L. Somers
United States Bankruptcy Judge

_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF KANSAS

In re:

ANTHONY M. DECENA,

                DEBTOR.

CASE NO. 14-10668
CHAPTER 7

## MEMORANDUM OPINION AND JUDGMENT DENYING
## TRUSTEE'S MOTION FOR TURNOVER AND OBJECTION TO EXEMPTION
## OF STUDENT LOAN PROCEEDS

     This proceeding is about whether the Trustee or the Debtor is entitled to funds on deposit in a credit union savings account on the date of filing (the Student Loan Account). Debtor claims the deposit is exempt proceeds of student loans. The Trustee objects to the exemption[1] and moves for turnover.[2] Debtor appears by Mark J. Lazzo of Mark J. Lazzo,

---

[1] Doc. 57.

[2] Doc. 20.

P.A. Edward J. Nazar, the Trustee, appears by Edward J. Nazar and Nicholas R. Grillot of Redmond & Nazar, L.L.P.[3]

**PROCEDURAL HISTORY.**

The procedural history of the exemption issue is messy. The petition and the schedules were filed on April 2, 2014. Debtor's Schedule B (personal property) included the Student Loan Account, and Schedule C (property claimed as exempt) claimed the account exempt under the authority of 10 U.S.C. §1035.[4] On June 2, 2014, the Trustee objected to the exemption.[5] Debtor responded on June 26, 2014.[6] By order filed on July 7, 2014, the objection was sustained.[7] On June 5, 2014, the Trustee filed a motion for turnover of assets, including the Student Loan Account.[8] By order filed on July 31, 2014, the turnover motion was resolved as to all issues except the Student Loan Account.[9] On

---

[3] This Court has jurisdiction pursuant to 28 U.S.C. § 157(a) and §§ 1334(a) and (b) and the Amended Standing Order of Reference of the United States District Court for the District of Kansas that exercised authority conferred by § 157(a) to refer to the District's Bankruptcy judges all matters under the Bankruptcy Code and all proceedings arising under the Code or arising in or related to a case under the Code, effective June 24, 2013. D. Kan. Standing Order No. 13-1, *printed in* D. Kan. Rules of Practice and Procedure at 168 (March 2014). Objections to exemption and motions for turnover are core proceedings which this Court may hear and determine as provided in 28 U.S.C.§ 157(b)(2)(B) and (E). The parties have stipulated to the Court's jurisdiction. Doc. 48. There is no objection to venue or jurisdiction over the parties.

[4] Doc. 1, 13.

[5] Doc. 17.

[6] Doc. 28.

[7] Doc. 33. This journal entry resolved the Trustee's initial objection to the exemption (doc. 17), so it is not under advisement.

[8] Doc. 20.

[9] Doc. 37.

2

August 21, 2014, Debtor filed a pleading entitled "Debtor's Response to Trustee's Objection to Exemption" stating that the exemption was claimed under 20 U.S.C. §1095a(d) and *In re Likins*, 505 B.R. 319 (D. Kan. 2014). [10] On November 17, 2014, a joint stipulations of fact was filed.[11] On December 3, 2014, the Trustee filed a memorandum in support of his objection to the exemption, arguing that 10 U.S.C. § 1035 does not provide for exemption of student loan proceeds and Debtor is barred from his attempt to amend the authority for the exemption to 20 U.S.C. § 1095a(d).[12] On the same date, December 3, 2014, Debtor filed an amended Schedule C, claiming the Student Loan Account exempt under 20 U.S.C. § 1095a(d). Debtor's memorandum in support of the exemption was filed on December 8, 2014.[13] On December 10, 2014, the Trustee filed an objection to the exemption under 20 U.S.C. § 1095a(d), asserting that Debtor had not substantiated that the contents of the Student Loan Account are "property traceable to such [student loan] assistance," as required by the federal statute.[14]

Based upon this history, the Court concludes that the matters before the Court are: (1) whether Debtor's amendment of the statutory basis for the claimed exemption of the Student Loan Account should be allowed; (2) if the amendment is allowed, is the Student

---

[10] Doc. 41.

[11] Doc. 48,

[12] Doc. 51.

[13] Doc. 56.

[14] Doc. 57.

Loan Account exempt under 20 U.S.C. § 1095a(d); and (3) should the Trustee's motion for turnover of the Student Loan Account be granted.

**STIPULATED FACTS.**

Debtor filed this Chapter 7 case on April 2, 2014. Debtor lived in Kansas for more than 2 years prior to filing. At the time of filing, Debtor owned a savings account at Meritrust Credit Union having a balance of $4,346 (the Student Loan Account). The Student Loan Account is a regular savings account and is not specially designated under Kansas law, the Internal Revenue Code, or any other federal law.

All the funds in the Student Loan Account were the proceeds of a federally guaranteed student loan; funds from other sources were not deposited into the account. Debtor used the funds in the Student Loan Account for tuition and school related expenses.

The Debtor timely claimed the Student Loan Account as exempt under applicable law, and the Trustee timely objected to the exemption.

**DISCUSSION.**

**A. Debtor's amendment of the authority for his claimed exemption of the Student Loan Account is allowed.**

Bankruptcy Rule 1009 (a) grants a debtor the right to amend schedules as a matter of course at any time before the case is closed. A leading bankruptcy commentator comments on the rule as follows:

> No court approval is necessary for an amendment filed before the case is closed. The permissive approach to

4

amendments has been construed to give courts no discretion to reject amendments unless the debtor has acted in bad faith or concealed property, or the amendment would prejudice creditors.

In determining whether bad faith or fraud exists, the courts look to the totality of the circumstances. . . .

. . .

In determining whether the amendment would prejudice creditors, the appropriate inquiry is not whether a creditor will recover less or be adversely affected by the amendment. Instead, a court must determine whether the creditor would be adversely affected by having detrimentally relied on the debtor's initial position. Only when a creditor has changed position in reliance on the original statement, and would be adversely affected by amendment to that statement, may it be said that the creditor will be prejudiced by permitting the amendment. [15]

In this case there are no circumstances from which the Court could find bad faith. The Trustee, when opposing the amendment, argues only that he will be prejudiced by the amendment. The prejudice claimed is the amendment's effect on the Trustee's orderly administration of the estate.[16] But the record reveals little, if any, disruption. Since the date the case was filed, the Trustee knew that the Debtor claimed the Student Loan Account as exempt. The only change made is the statutory authority for the exemption. Only minimal time was involved in the Trustee's objection to the exemption as originally claimed. The Trustee was informed of the statute cited in the amendment to Schedule C, as well as case authority supporting the exemption, in a pleading filed on August 21,

---

[15] 9 *Collier on Bankruptcy* ¶ 1009.02 at 1009-3 and 1009-4 (Alan N. Resnick & Henry J. Sommer eds.-in-chief, 16th ed. 2014).

[16] Doc. 51, 7.

5

2014, several months before the amended Schedule C was filed. The Trustee preserved his objection to the exemption under the exemption claim as amended. The prejudice to the Trustee was minimal and not sufficient for the Court to disallow the amendment.

The Court allows the Debtor's amendment of Schedule C claiming the Student Loan Account exempt under 20 U.S.C. § 1095a(d).

> **B. The Debtor is entitled to exempt the Student Loan Account under 20 U.S.C. § 1095a(d), and the Trustee is not entitled to turnover of the exempt funds.**

This Court in *Likins*[17] has ruled that debtors living in Kansas for more than 2 years prior to filing for relief under Title 11 are allowed the federal exemption for federally insured or guaranteed student loans and property traceable to such assistance under 20 U.S.C. § 1095a(d). That statute provides:

> **No attachment of student assistance.** Except as authorized in this section, notwithstanding any other provision of Federal or State law, no grant, loan, or work assistance awarded under this title, or *property traceable to such assistance,* shall be subject to garnishment or attachment in order to satisfy any debt owed by the student awarded such assistance, other than a debt owed to the Secretary and arising under this title.[18]

Debtor lived in Kansas for more than two years prior to filing for relief under the Bankruptcy Code and contends that the stipulated facts establish that the funds in the Student Loan Account are traceable to a federally guaranteed student loan. The Trustee

---

[17] *In re Likins*, 505 B.R. 319, 321 (Bankr. D. Kan. 2014).

[18] 20 U.S.C. § 1095a(d) (emphasis supplied).

objects to Debtor's claiming of the exemption asserting, without argument, that "the debtor has not substantiated that the contents of the account are 'property traceable to such assistance.'" [19]

The Court finds that the stipulated facts establish the tracing requirement. The stipulations include the following: "All funds in the student loan savings account were the proceeds of a federally guaranteed student loan;" and "The only finds in the student loan savings account were the proceeds of a federally guaranteed student loan."[20]

The Court holds that the Student Loan Account is exempt. This ruling requires denial of the Trustee's motion for turnover of the Student Loan Account.

**CONCLUSION.**

The Court holds: (1) The Trustee's objection to the Debtor's amendment of Schedule C to claim the funds in the Student Loan Account exempt under 20 U.S.C. § 1095a(d) is denied; (2) the Trustee's objection to exemption of the funds in the Student Loan Account under 20 U.S.C. § 1095a(d) is denied; and (3) the Trustee's motion for turnover of the funds in the Student Loan Account is denied.

The foregoing constitute Findings of Fact and Conclusions of Law under Rules 7052 and 9014(c) of the Federal Rules of Bankruptcy Procedure which make Rule 52(a) of the Federal Rules of Civil Procedure applicable to this matter.

---

[19] Doc. 57.

[20] Doc. 48.

7

Case 14-10668   Doc# 61   Filed 03/30/15   Page 7 of 8

**JUDGMENT**.

Judgment is hereby entered allowing Debtor's amended Schedule C; denying the Trustee's objection to Debtor's claim of exemption of the Student Loan Account; and denying the Trustee's motion for turnover of the Student Loan Account. The judgment based on this ruling will become effective when it is entered on the docket for this case, as provided by Federal Rule of Bankruptcy Procedure 9021.

**IT IS SO ORDERED.**

###